# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

KEVIN GERARD MANFRE,
REG. #06465-010                                                                                    PLAINTIFF

v.                                    2:12-cv-00050-JMM-JTK

UNITED STATES OF AMERICA, et al.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the that file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff, a federal inmate confined at the Federal Correctional Institution (FCI), Forrest City, Arkansas, filed this pro se federal civil rights action, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (Doc. No. 2). In Count I of his Complaint, Plaintiff alleges deliberate indifference to his serious medical needs by all Defendants, and in County II, he alleges a denial of due process by Defendants Heuett and Weeks. Plaintiff asks for monetary and injunctive relief.

**I.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**II.    Facts and Analysis**

Bivens actions are limited to lawsuits filed against a federal agent for a deprivation of a constitutional right, and sovereign immunity bars these actions against the United States or its agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 485-6 (1994). Therefore, Defendant United States of America should be dismissed from Plaintiff's Complaint.

In addition, a "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982). Therefore, Plaintiff's due process claims in Count II against Defendants Heuett and Weeks should be dismissed for failure to state a claim.

**III.	Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendant United States of America be DISMISSED from this action, for failure to state a claim and as immune from liability.

IT IS FURTHER RECOMMENDED that Count II of Plaintiff's Complaint, asserting a denial of due process by Defendants Heuett and Weeks, be DISMISSED for failure to state a claim.

IT IS SO RECOMMENDED this 27th day of April, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE