# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

KEVIN GERARD MANFRE,                                                                    PLAINTIFF
REG. #06465-010

                              2:12CV00050-JM-JTK

UNITED STATES OF AMERICA, et al.                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.     Introduction**

Plaintiff Kevin Manfre is a former federal inmate who originally filed this action pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), while incarcerated at the Federal Correctional Institution (FCI), Forrest City, Arkansas (Doc. No. 1).[1] The Court initially dismissed the United States of America from the suit, pursuant to sovereign immunity. (Doc. No. 29). After several individual Defendants were dismissed on summary judgment, Plaintiff filed a Motion to Amend his Complaint, to add a Federal Tort Claims Act (FTCA) claim against the United States. (Doc. No. 129). The Court denied Plaintiff's Motion to Amend, and provided him the choice of proceeding against the individual Defendants in a <u>Bivens</u> action, or submitting a proposed amended complaint against the United States based on the FTCA (Doc. No. 137). Plaintiff chose the latter, and on June 28, 2013, the Court dismissed the <u>Bivens</u> action against the Defendants and granted Plaintiff's Motion to amend to assert a FTCA claim against the United States. (Doc. No. 140.)

---

[1] Plaintiff notified the Court of his release from incarceration, effective November 13, 2013 (Doc. No. 146).

Defendant United States of America now moves for Summary Judgment (Doc. No. 150). Although Plaintiff requested, and was granted, an extension of time to respond until March 3, 2014 (Doc. No. 157), he did not file a Response.

In the FTCA claim, Plaintiff alleges that after receiving abdominal hernia surgery in January, 2009, he continued to suffer abdominal pain which Defendants failed to adequately identify and treat. (Doc. No. 139-1, p. 15.) A post-surgery hernia was identified in May, 2009, and an outside consult request was issued. (Id, p. 16.) Plaintiff was treated numerous times for abdominal pain from May, 2009, until August 6, 2009, when he was examined by a general surgeon who recommended another hernia surgery. (Id., p. 18.) This recommendation was approved by a committee, who then forwarded the request to the Regional Medical Director for final approval. (Id., p. 19.) However, Plaintiff did not receive the surgery until March 5, 2010 (Id., p. 38.) Plaintiff claims the delay was caused by the negligence of the Defendant and its employees, and that he suffered pain while waiting for the surgery. (Id., p. 55.)

**II.   Summary Judgment**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot

3

simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "all material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

Because Plaintiff failed to respond to Defendant's Motion, the Court finds no dispute of material fact that Defendant United States of America was not negligent with respect to a delay in surgery from August 6, 2009, until March 5, 2010, and with respect to medical treatment of Plaintiff's abdominal pain during that time period, for the following reasons.

### A. Medical Records

According to Plaintiff's medical records, Cynthia Gaia, an Advanced Practice Nurse (APN), treated Plaintiff on July 4, 2008 for abdominal pain, prescribed a back brace and pain medication, and referred him for a surgical consult. (Doc. No. 154, Attachment 8.) Plaintiff received his third hernia repair procedure in January, 2009, and Gaia saw Plaintiff on February 20, 2009, over concerns with his abdominal incision. (Id., Attachment 16.) Gaia ordered a culture of his incisional site and instructed him to wash the area with soap, water, and antibacterial cream. (Id.) Physician

Assistant Jones examined Plaintiff on May 11, 2009, due to his complaints about a possible reoccurrence of the hernia. (Id., Attachments 12, 17.) At that time, PA Jones wrote a consultation request for surgical repair of the hernia. (Id., Attachment 17.)

Plaintiff was examined by an outside physician, Dr. Peikar, on August 6, 2009, who recommended abdominal hernia repair based on the reoccurrence of Plaintiff's hernia. (Id., Attachment 20.) This surgical recommendation was approved by the Utilization Review Committee (URC) on September 17, 2009, and sent to the Regional Medical Director of the Bureau of Prisons (BOP) for final approval. (Id., Attachments 20, 21.) Other medical personnel saw Plaintiff twice in December, 2009, for complaints about his hernia and skin problems, and twice in January, 2010, for complaints about hernia pain, cold and flu symptoms, and an optometry consult. (Id., Attachments 22-25.) The record of the January 14, 2010, visit also reflects that Plaintiff was prescribed a support brace on January 8, 2010. (Id., Attachment 25.) He saw Dr. Hipolito Matos on February 4, 2010, in the chronic care clinic based on his hypertension condition, and Matos prescribed Naproxen for his hernia complaints. (Id., Attachment 26.) Plaintiff underwent hernia repair surgery on March 5, 2010. (Id., Attachment 27.)

### B.     Declarations

In addition to the medical records, Defendant also attaches Declarations of several of the health professionals who treated Plaintiff during the relevant time period. According to Dr. Matos, he treated Plaintiff on one occasion in the chronic care clinic for hypertension and abdominal pain, and prescribed Naproxen for the pain. (Doc. No. 150-1, p. 2.) After that time, Plaintiff did not present any additional complaints to Dr. Matos. (Id., p. 3.) In addition, Dr. Matos was the Clinical Director at the FCI from July 22, 2007, to June 19, 2010, and acted as the Chair of the URC. (Id.,

p. 2.) The URC received a recommendation for Plaintiff's elective hernia surgery by an outside surgeon who examined him on August 6, 2009. (Id.) The URC approved the surgery and forwarded the request to the Regional Medical Director for his approval on September 17, 2009. (Id.)

Dr. Peikar, who served on occasion as Clinical Director, approved the surgical request for Plaintiff and forwarded it to the Regional Medical Director for his approval. (Doc. No. 150-4.) He also treated Plaintiff on February 24, 2010, and ordered a series of blood tests, and instructed Plaintiff to stop taking Aspirin. (Doc. No. 150-3, p. 2.) Plaintiff did not complain at that time about pain. (Id.)

Kathleen Maples, APN, saw Plaintiff on January 4, 2010, for complaints of cold and flu-like symptoms, optometry problems, a dry cough, and hernia pain. (Doc. No. 150-6, p. 2.) She examined him, prescribed antibiotics, medication for hypertension, and renewed several other medications for hyperlipidemia, esophageal reflux, and hypertrophy of his prostate. (Id.) She also ordered an optometry consult and discussed a plan of care with the Plaintiff, including his access to non-prescription medications at the commissary. (Id.) She again saw Plaintiff on February 10, 2010, for complaints of a skin and vision problems. (Id.) He did not complain of abdominal pain at that time. (Id.)

Brandy Moore, the Health Information Technician from January, 2007, until March, 2012, faxed the URC surgery consult request to the Regional Medical Director on September 17, 2009. (Doc. No. 150-7.) She believed the request was pending before the Director, until she learned in January, 2010, that the Director never received the request. (Id.) Ms. Moore then re-sent the request on January 13, 2010, and the surgery was approved on January 27, 2010. (Id.) She was not aware of the delay until she was informed by other staff, and she did not intend to cause any delay. (Id.)

## C. Analysis

According to 28 U.S.C. § 1346(b), the district courts have exclusive jurisdiction of civil actions

> on claims against the United States, for money damages, ..., for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

In addition, 28 U.S.C. § 2674 provides that the "United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances,...."

In an action for medical injury under Arkansas law, unless the asserted negligence is a matter of common knowledge, the Plaintiff must present expert testimony that the medical care provider failed to act in accordance with the standard of practice in the locality in which he or she practices. Arkansas Medical Malpractice Act, ARK. CODE ANN. § 16-114-206(a)(1)-(2). In Broussard v. St. Edward Mercy Health System, Inc., the court declared unconstitutional a portion of that statute which required that the expert be of the same specialty as the defendant, finding that it improperly set forth qualifications for a witness, a matter which should be within the discretion of the trial court. 2012 Ark. 14, 386 S.W.3d 385, 389-90 (Ark. 2012). The Court, however, limited its decision to that specific language, which was added by the legislature in 2003. Id., 386 S.W.3d at 390, n. 3.

Therefore, Defendant asserts that in this case, where Plaintiff alleges Defendant failed to properly treat a recurrent abdominal hernia, such issue is not within the common knowledge of lay persons, and his failure to identify a medical expert to establish the standard of care for that condition means that he fails to meet his burden of proof on the standard of care. In addition,

Plaintiff fails to prove causation, by providing testimony by an expert that he sustained an injury as a result of a deviation in the standard of care that would not have otherwise occurred. ARK. CODE ANN. § 16-114-206(a)(3). Since Plaintiff provides no response to dispute this assertion, or to dispute the facts set forth by Defendant, the Court finds that Plaintiff cannot proceed without identifying the testimony of an expert concerning the standard of care and causation.

In addition to this failure, Plaintiff also does not dispute the facts set forth by Defendant, that its agents who treated Plaintiff did not act negligently and did not deviate from the standard of care applicable to them. In his Amended Complaint, Plaintiff identifies these agents as: Dr. Hipolito Matos, Dr. Nader Peikar, Cynthia Gaia, Jerald Jones, Rachel Johnson, Jack Vitvitsky, Kathleen Maples, and Brandy Moore. Defendant states, and Plaintiff does not dispute, that Jerald Jones, Rachel Johnson, and Jack Vitvitsky are contractors, and not employees of the United States; therefore, the United States is not liable for their conduct, pursuant to 28 U.S.C. § 1346(b); 28 U.S.C. § 2671.

With respect to the remaining employees, Plaintiff does not dispute the medical records or the declarations set forth by the Defendant. According to the evidence presented, Dr. Matos treated Plaintiff on one occasion for abdominal pain and served as the Chair of the committee which approved Plaintiff's elective surgery. (Doc. No. 150-1.) Dr. Peikar treated Plaintiff on one occasion during the relevant period of time and ordered blood tests; Plaintiff did not complain of pain. (Doc. No. 150-4.) He also submitted the surgical consultation request to the Regional Medical Director for approval. (Doc. No. 150-3.)

Cynthia Gaia diagnosed a hernia on July 4, 2008, prescribed an injection for pain, issued a back brace and abdominal binder for the hernia, and noted the need for a surgical consult. (Doc. No.

154, Ex. A, Attachment 8.) After Plaintiff's January, 2009 surgery, she ordered a culture of his incisional site on February 20, 2009, and instructed him how to keep the site clean. (Id., Ex. B). Kathleen Maples saw Plaintiff on January 4, 2010, and February 10, 2010, and treated him for numerous ailments, including hernia pain. (Doc. No. 150-6.) Finally, Brandy Moore was not aware that the Regional Medical Director did not receive the surgery consult request she faxed on September 17, 2009. (Doc. No. 150-7.) As soon as she became aware, she re-faxed the request, which ultimately was approved. (Id.)

Absent a response from Plaintiff disputing these facts, and absent expert testimony establishing a standard of care and deviation from such by these individuals, the Court finds as a matter of law that Plaintiff's tort claim against Defendant should be dismissed.

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED, that Defendant's Motion for Summary Judgment (Doc. No. 150) be GRANTED, and Plaintiff's FTCA claim against Defendant be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 9th day of April, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE